## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                              :

PLUM BUILDERS, INC. d/b/a Plum Builders     :
    A corporation of the State of New York     :
                              :
               Plaintiff,            :    Civil Action No.:
                              :
                  v.                :    21 cv 6690
                              :

DWELL LIFE, INC.                       :
    A corporation of Delaware          :
                              :
               and               :
                              :

DWELL MEDIA LLC                   :
    A Limited liability Company of Delaware   :
-----------------------------------------------------------------X

### COMPLAINT

Plaintiff, for its Complaint against the Defendants, respectfully alleges as follows:

### THE PARTIES

1.  Plaintiff, Plum Builders, Inc., d/b/a Plum Builders is a corporation organized and existing under the laws of the State of New York, and having a principal place of business at 860 Montauk Highway, Water Mill, New York 11976.

2.  Upon information and belief, Dwell Life, Inc. is a corporation of the State of Delaware, and has a place of business within this judicial district at 8 West 36th Street, #5, New York, New York 10018.

3.  Upon information and belief, Dwell Media LLC is a limited liability company

Page 1 of  18

of the State of Delaware under the control and authority of Dwell Life, Inc., and publishes

DWELL magazine in interstate commerce throughout the United States, as well as within

this judicial district.  Upon information and belief, Dwell Media LLC has a place of

business within this judicial district at 8 West 36th Street, #5, New York, New York

10018.

## JURISDICTION AND VENUE

4.  The First and Second claims herein arise under the Federal Trademark Act of

1946, 15 U.S.C. §1125, *et seq.* and accordingly, subject matter jurisdiction for these

claims is conferred upon this Court by virtue of 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

5.  The remaining claims herein arise under the laws of the State of New York and

are joined with related claims under the Federal Trademark Act of 1946.  Accordingly,

subject matter jurisdiction for the remaining claims is conferred upon this Court by 28

U.S.C. §1338(b) and 28 U.S.C. §1367.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (c) (2.)

## NATURE OF THE CASE

7.  This is an action seeking injunctive relief for Federal and State statutory and

common law trademark infringement, false designation, unfair competition and dilution.

Punitive damages are being requested for the state law violations.

8.  Plaintiff, Plum Builders, Inc., has been using the *Modern Barn* trademark in

commerce for the marketing and sale of quality residential homes designed and often

constructed by Plum Builders, Inc., and Plum Builders, Inc. is the owner of United States trademark registration no. 4,182,206 for *The Modern Barn* trademark in class 41 for architectural design, custom design and development of residential homes.  A true and correct copy of the registration certificate is attached hereto as Exhibit A.

9.  Pursuant to 17 U.S.C. § 1115(a), trademark registration no. 4,182,206 for *The Modern Barn* trademark in class 41 for architectural design, custom design and development of residential homes provides *prima facie* evidence of Plaintiff Plum Builders, Inc.'s exclusive right to use the registered mark in commerce on or in connection with residential homes, and such rights have become incontestable under 17 U.S.C. § 1065.

10.  Plaintiff, Plum Builders, Inc., has been using the *Modern Barn* trademark in commerce for the marketing and sale of quality furnishings for residential homes, and Plum Builders, Inc. is the owner of United States trademark registration no. 6,185,494 for the *Modern Barn* trademark in class 20 for custom furniture.  A true and correct copy of the registration certificate is attached hereto as Exhibit B.  Plaintiff, Plum Builders, Inc. has acquired trademark rights and established to the relevant trade and public trademark rights in the brand *Modern Barn* as it relates to custom furniture for residential homes.

11.  The Defendant Dwell Life, Inc. through its controlled subsidiary Dwell Media LLC publishes an online magazine that promotes residential homes throughout the United States and in interstate commerce by way of the internet, and on many occasions,

identifies such homes by "Modern Barn."

    12.   The Defendant Dwell Life, Inc. through its controlled subsidiary Dwell Media LLC has been promoting and advertising through the internet and otherwise in interstate commerce residential homes by identifying such homes falsely as a Modern Barn without the permission, authority or approval of Plaintiff.

    13.   As an example, the Defendant Dwell Life, Inc. through its subsidiary Dwell Media LLC has posted on the internet articles identifying residential home as a Modern Barn.  For example, the postings at

https://www.dwell.com/discover/five%20modern%20barn%20homes

https://www.dwell.com/discover/modern%20barn

True copies of the headlines for such articles and a portion of the articles are attached hereto as Exhibit C.

    14.   The Defendant Dwell Life, Inc. and its subsidiary Dwell Media LLC had prior to the publication of many of the articles identified in paragraph 13 above, been notified by Plum Builders, Inc. of its trademark registration no. 4,182,206 for *The Modern Barn*.

    15.   The Defendant Dwell Life, Inc. and its subsidiary Dwell Media LLC had been requested to cease using *Modern Barn* in its promotions for residential properties, but have refused.

    16.   The Defendant Dwell Life, Inc. and its subsidiary Dwell Media LLC have knowingly and wilfully continued to use *Modern Barn* in the promotions for residential

properties with full knowledge of the trademark registration no. 4,182,206 for *The Modern Barn*.

17.  As a result of  Defendant Dwell Life, Inc. and Dwell Media LLC continuing to falsely promote residential homes as a *Modern Barn,* an email was sent to Defendant Dwell Media LLC again requesting Defendant desist from promotions of residential homes and referring to such homes as a *Modern Barn* listing.

18.  On August 2, 2021 counsel for Dwell Media LLC stated "[t]he First Amendment allows my client to write articles with the words of its choosing. The First Amendment's protections flow to titles of articles. Dwell simply is not making a "trademark" use of the generic phrase "modern barn."

19.  The first amendment does not allow misuse of trademarks, nor is "modern barn" generic for residential homes.  Dwell Media LLC has not ceased its misuse of the *Modern Barn* trademark; and relies on improper and frivolous legal and factual statements to support its knowing and wilful misuse of the *Modern Barn* trademark.

20,   Defendant Dwell Life, Inc. through its subsidiary Dwell Media LLC have continued such infringing activity of using *Modern Barn* to identify the properties they are promoting; and has refused to comply with requests to honor the trademark rights of Plaintiff.

21.  Defendant Dwell Life, Inc. and Dwell Media LLC have been notified of Plaintiff's registered trademark *The Modern Barn* and Plaintiff's rights in the *Modern*

*Barn* trademark, but have continued their promotion of residential homes by use of the

*Modern Barn* trademark without the permission, authority or approval of Plaintiff.  Such

acts falsely identify in interstate commerce the nature and character of the entity

responsible for *Modern Barn* residential homes promoted in their magazine.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF 15 U.S.C. §1114

22.  Plaintiff Plum Builders, Inc. repeats and re-alleges each and every allegation

contained in paragraphs 1 through 21 above as if fully set forth herein.

23.  Plaintiff Plum Builders, Inc. markets in commerce  its services in connection

with residential homes under the *Modern Barn* trademark, and Defendant Dwell Life, Inc.

through its subsidiary Defendant Dwell Media LLC have together been advertising and

promoting in interstate commerce residential homes using the *Modern Barn* mark which

is confusingly similar to the trademark of registration no. 4,182,206 for *The Modern Barn*

in class 41 for architectural design, custom design and development of residential homes

in violation of the rights acquired by Plum Builders, Inc. in its trademark and the federal

registration of the trademark.

24.  Plaintiff Plum Builders, Inc. has established rights to the *Modern Barn*

trademark as applied to residential homes, and without the consent of Plaintiff Plum

Builders, Inc., the Defendants Dwell Life, Inc. and Dwell Media LLC have been

advertising and promoting from and into this judicial district and elsewhere in interstate

commerce residential homes by use of the *Modern Barn* trademark by colorable imitation

and confusingly-similar use of the *The Modern Barn* trademark registered by Plaintiff, without the consent of Plaintiff Plum Builders, Inc.

25.  The Plaintiff Plum Builders, Inc. has customers and potential customers throughout this judicial district, and the United States, including California, the metropolitan area and elsewhere, who are well aware of Plaintiff's *Modern Barn* homes, and well aware of the reputation of Plaintiff in designing and building high quality residential homes under the *Modern Barn* trademark.

26.  Professional real estate agents throughout the metropolitan area and elsewhere are well aware of Plaintiff's *Modern Barn* homes, and the Plaintiff has a great reputation in designing and building high quality residential homes under the *Modern Barn* trademark.

27.  The Defendants Dwell Life, Inc. and Dwell Media LLC have been promoting high-end residential homes of others and identifying them as a *Modern Barn* without the consent of Plaintiff Plum Builders, Inc.

28.  The knowing, wilful and continued promotion by Defendants of high-end residential homes with the trademark *Modern Barn* without the permission of Plaintiff is likely to cause confusion between the services of Plaintiff and the homes built under its *Modern Barn* trademark and the high-end residential homes promoted by Defendants, and Defendants' misuse of the *Modern Barn* trademark is likely to misrepresent the homes being promoted by Defendant Dwell Life, Inc. and Defendant Dwell Media LLC as

emanating from Plaintiff or its authorized customers, or to be sponsored, approved or associated with Plaintiff or its authorized customers, all to the injury of Plaintiff and the legitimate customers of Plaintiff who may intend to resell their *Modern Barn* homes.

29.  The aforesaid activities of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC have and will continue to create confusion to consumers and the relevant trade exercising ordinary care, and Plaintiff further avers that Defendant Dwell Life, Inc. and Defendant Dwell Media LLC are fully aware that the promotion of high-end residential homes by use of the *Modern Barn* trademark tends to identify falsely and misrepresent the source or nature of the homes promoted by Defendant Dwell Life, Inc. and Defendant Dwell Media LLC as originating with or sponsored, or approved by Plaintiff, when they are not.  Such actions on the part of Defendants are believed to be intended to cause and likely to continue to cause mistake and confusion in the minds of the purchasing public and among real estate professionals.

30.  The aforesaid activities of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC have enabled them to provide promotions for others to unlawfully trade upon the established goodwill and reputation of Plaintiff as a provider of services for high-quality homes.  Defendants, to the extent they receive compensation for such promotions, are thus unjustly enriching themselves at the expense and to the damage and injury of Plaintiff, and unless enjoined by this Court, will further impair the value of the *Modern Barn* trademark, and the reputation and good will symbolized thereby.

31.  Defendants' unauthorized use of the *Modern Barn* trademark as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public and relevant customers of residential homes to believe that Defendants or those in the real estate business they promote are authorized, sponsored or approved by Plaintiff to sell residential homes under the *Modern Barn* trademark or (c) that Defendants are somehow affiliated, connected or associated with or in some way related to Plaintiff, or are promoting residential homes designed or built by Plaintiff, when they are not.  Such results in Defendants unfairly benefitting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its *Modern Barn* homes, all to the substantial and irreparable injury of the Plaintiff, its customers, and the *Modern Barn* trademark and the substantial goodwill represented thereby.

32.  Defendants' acts as aforesaid constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114; and the Defendants are liable jointly and severally pursuant to 15 U.S.C §1117(a) and (b).

33.  Unless properly enjoined by this Court, the confusion and deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to Plaintiff and its legitimate customers.

## COUNT II: FEDERAL UNFAIR COMPETITION

34. This claim arises under the unfair competition laws of the United States, particularly § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) of the Federal Trademark

Act of 1946; and Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

35. The Plaintiff Plum Builders, Inc. has established rights to the *Modern Barn* trademark, and the Defendants Dwell Life, Inc. and Defendant Dwell Media LLC unauthorized use of the *Modern Barn* trademark by internet promotions is likely to cause confusion as to sponsorship, affiliation or connection of the Defendants, or the real estate professionals they promote, with Plaintiff Plum Builders, Inc.; when no such association or connection exists.

36. Such unlawful activities by Defendant Dwell Life, Inc. and Defendant Dwell Media LLC are deceptive and misrepresent the nature and characteristics of another person's goods or services, and were and continue to be done wilfully and deliberately to the irreparable damage to the Plaintiff Plum Builders, Inc.

37. Defendants' acts as aforesaid constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a;) and the Defendants are jointly and severally liable pursuant to 15 U.S.C §1117(a) and (b.)

38. Unless properly enjoined by this Court, the confusion and deception noted immediately above, and the likelihood therefor, will continue with irreparable harm and damage to the Plaintiff Plum Builders, Inc.

## COUNT III:
## COMMON LAW UNFAIR COMPETITION

39.   As a complete and further ground of relief, Plaintiff Plum Builders, Inc. hereby

charges Defendant Dwell Life, Inc. and Defendant Dwell Media LLC with common law

unfair competition under the laws of the State of New York, and hereby repeats and re-

alleges each and every allegation contained in paragraphs 1 through 38 above as if fully

set forth herein.

40.   Plaintiff Plum Builders, Inc. has expended effort and money to design and

produce high-quality homes and to identify its services to both the trade and relevant

purchasing public by its trademark *Modern Barn*, and in establishing in connection

therewith, substantial goodwill and a reputation for quality.

41.   As a result of the activities of the Defendant Dwell Life, Inc. and Defendant

Dwell Media LLC as noted above in the unauthorized use of Plaintiff's trademark, the

goodwill and reputation of Plaintiff have been misappropriated and the proprietary rights

of Plaintiff have been interfered with by Defendants, without cause.

42.   By the advertising and promoting of residential homes by others under the

*Modern Barn* trademark, and continuing to do so in bad faith after notice, Defendants

Dwell Life, Inc. and Dwell Media LLC will cause or are likely to cause relevant

professionals in the trade or customers of high-end residential homes to believe

erroneously that the high-end homes promoted by Defendants had been designed or built

by or under the authority of Plaintiff Plum Builders, Inc., or sponsored or somehow approved by Plaintiff, when they are not; thus enabling Defendants to misappropriate and diminish Plaintiff Plum Builders, Inc.'s valuable goodwill, reputation, and efforts in developing the *Modern Barn* brand for its services.

43.   By misappropriating and misrepresenting the *Modern Barn* trademark, Defendant Dwell Life, Inc. and Defendant Dwell Media LLC are able to "palm off" the non-genuine *Modern Barn* branded homes as the genuine homes produced by Plaintiff's services.  Defendants are thus deliberately and knowingly diverting to others Plaintiff's talents, work efforts and expenditures that have established substantial goodwill, and the reputation symbolized thereby, and therefore unfairly allowing such others promoted by Defendants to compete unfairly with Plaintiff.

44.   Upon information and belief, the unfair competition of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC have caused, and if allowed to continue, will continue to cause sales of the homes designed or built by Plaintiff to be lost and/or diverted improperly.

45.   The unfair competition of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC have caused misappropriation of the value of the efforts and expenditures of Plaintiff in the development of its *Modern Barn* branded homes, and in particular to the valuable goodwill and reputation earned under the *Modern Barn* mark, and, unless enjoined by this Court, will continue to cause substantial and irreparable damage and

injury to Plaintiff.

46.   Upon information and belief, Defendant Dwell Life, Inc. and Defendant Dwell Media LLC activities are willful, deliberate, knowing and wonton, and Plaintiff is entitled to recover punitive damages.

### COUNT IV: UNFAIR COMPETITION UNDER THE
### STATUTES OF THE STATE OF NEW YORK

47.   As a complete and further ground for relief, Plaintiff hereby charges Defendant Dwell Life, Inc. and Defendant Dwell Media LLC with unfair competition and consumer deception under the laws of the State of New York, and hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48.   The aforementioned activities of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC violate §§349 and 350 of the New York General Business Law.

49.   As a result of Defendant Dwell Life, Inc. and Defendant Dwell Media LLC acts of unfair competition, Plaintiff is suffering irreparable harm and pecuniary loss.

50.   Unless and until Defendant Dwell Life, Inc. and Defendant Dwell Media LLC are enjoined by this Court, these Defendants are likely to continue to commit the aforementioned acts of unfair competition and will continue to confuse the public and cause irreparable harm to Plaintiff Plum Builders, Inc.

51.   Plaintiff Plum Builders, Inc. is entitled to recover, from Defendant Dwell Life,

Inc. and Defendant Dwell Media LLC its damages and attorneys fees for violation of New York laws pertaining to consumer protection and unfair competition as noted in the General Business Laws §§ 349 and 350, and 360-m; as well as punitive damages.

## COUNT V: DILUTION UNDER THE
## STATUTES OF THE STATE OF NEW YORK

52.   As a complete and further ground for relief, Plaintiff hereby charges Defendant Dwell Life, Inc. and Defendant Dwell Media LLC with dilution of the *Modern Barn* trademark under the laws of the State of New York, and hereby repeats and re-alleges each and every allegation contained in paragraphs 1 through 51 above as if fully set forth herein.

53.   Defendant Dwell Life, Inc. and Defendant Dwell Media LLC by doing the acts complained of herein are likely to injure the business reputation of Plaintiff Plum Builders, Inc. and dilute the distinctive quality of the *Modern Barn* trademark.


WHEREFORE, Plaintiff prays for the following relief:

A.     That  Defendant Dwell Life, Inc. and Defendant Dwell Media LLC as well as their respective agents, servants, employees and attorneys as well as those persons in active concert or participation with either thereof be preliminarily and permanently enjoined and restrained from:

(1)     making any statement that suggests any affiliation or association with

Plaintiff Plum Builders, Inc. and from use of the mark *Modern Barn* or any colorable imitation thereof in connection with the advertising, promotion or discussion of residential homes not associated with Plaintiff Plum Builders, Inc. and

(2)     promoting or distributing any literature using the *Modern Barn* mark to identify any home that is not associated with Plaintiff Plum Builders, Inc., and

(3)     diluting the distinctive quality of the *Modern Barn* mark by identifying any home that is not associated with Plaintiff Plum Builders, Inc. by use of the term *Modern Barn*.

B.     That Defendant Dwell Life, Inc. and and Defendant Dwell Media LLC, as well as their respective agents, servants, employees and attorneys as well as those persons in active concert or participation Defendant Dwell Life, Inc. or Defendant Dwell Media LLC take down from the internet and deliver up for destruction all of the material in its possession or control relating to:

(1)     any identification of any residential homes under the *Modern Barn* trademark, not authorized by Plaintiff, or using in any manner the *Modern Barn* mark alone or in combination with any word or words, design or designs which so resemble said trademark as to be likely to cause confusion, deception, or mistake;

(2)     to make diligent efforts to recall from the internet and any other

distribution all of the materials set forth in paragraph (B)(1) already

distributed; and

(3)     to file with this court and serve on plaintiff ten (10) days after the

date of the injunction a report in writing and under oath setting forth in detail the

matter or form in which Defendant has complied fully with the injunction.

C.     That an accounting and judgment be rendered against Defendant Dwell

Life, Inc. and Defendant Dwell Media LLC, jointly and severally for:

(1)     all profits received by the Defendant Dwell Life, Inc. or Defendant

Dwell Media LLC, or any of their agents, subsidiaries or related companies

from the promotion of any home promoted at any time with the *Modern*

*Barn* mark, not authorized by Plaintiff, or sold in connection with any

manner of the Plaintiff's *Modern Barn* trademark alone or in combination

with any word or words, design or designs which so resemble said

trademark so as to be likely to cause confusion, deception, or mistake;

(2)     all damages sustained by Plaintiff as a result of the promotion of any

products not authorized by Plaintiff offered in connection with any of the

Plaintiff trademark *Modern Barn*, alone or in combination with any word or

words, design or designs which so resemble said trademark as to be likely to

cause confusion, deception, or mistake, or resulting in whole or in part from use of any materials using such trademark;

(3)     compensate Plaintiff fully for all sales that have resulted from the unfair competition of the Defendants as authorized by §§ 349, 350 and 360-m of the New York General Business Law;

(4)     that Defendant Dwell Life, Inc. and Defendant Dwell Media LLC account for all profits received from the promotion of homes competing unfairly with Plaintiff as authorized by §§ 349, 350 and 360-m of the New York General Business Law;

(5)     that the damages to Plaintiff resulting from the unfair competition by Defendant Dwell Life, Inc. and Defendant Dwell Media LLC be trebled in view of the willful and wanton actions thereof; and

D.     That Plaintiff receive its costs in this action, including an award of its reasonable attorney's fees with interest from the date of the filing of this complaint pursuant to 15 U.S.C. § 1117 and General Business Law §§ 349, 350 and 360-m.

E.     That Plaintiff receive interest on its damages awards from the date of injury.

F.     That punitive damages be awarded as a result of the wanton misappropriation of the Plaintiff's *Modern Barn* trademark and unfair competition, pursuant to New York General Business Law §§ 349, 350 and 360-m; and

G.      Plaintiff be granted such other and further relief as the court deems just and

appropriate.

August 9, 2021
New York, New York                      Respectfully submitted,

                                      /s/ Gerard F. Dunne
                                      Gerard F. Dunne (GD 3323)
                                      Law Offices of Gerard F. Dunne, P.C.
                                      41 Union Square West
                                      Suite 1115
                                      New York, NY 10003
                                      212-645-2410
                                      Mobile: 917-656-7753
                                      *Attorneys for Plaintiff*
                                      *Plum Builders, Inc.*